**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000434
28-FEB-2019
07:53 AM**

NO. CAAP-15-0000434

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


COLLEEN P. COLLINS, nka COLLEEN P. OTANI,
Plaintiff-Appellee/Cross-Appellant, v.
JOHN A. WASSELL, Defendant-Appellant/Cross-Appellee


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 07-1-0206)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard, and Reifurth, JJ.)

This appeal follows the Hawai'i Supreme Court's
February 28, 2014 vacatur (in Collins v. Wassell, 133 Hawai'i 34,
323 P.3d 1216 (2014) (**Collins II**)) of the Intermediate Court of
Appeals' (**ICA's**) March 21, 2013 Summary Disposition Order
(**Collins I**), which affirmed a September 9, 2009 divorce decree
ending the parties' marriage (**Divorce Decree**). In Collins II,
the supreme court also vacated parts of the Divorce Decree.

Defendant-Appellant/Cross-Appellee John Wassell
(**Wassell**) now appeals from the following orders of the Family
Court of the Third Circuit (**Family Court**):[1]   (1) Findings of

---

[1]   The Honorable Henry T. Nakamoto presided.

Fact, Conclusions of Law, Decision and Order, filed on April 29, 2015 (**2015 FOFs and COLS**); (2) Order Denying Defendant's Motion to Quash and Remove Plaintiff's Notice of Pendency of Action Filed January 14, 2015, filed on April 17, 2015 (**Order Denying 2015 Motion to Quash**); (3) Order Denying Defendant's Motion and Affidavit for Order to Show Cause and Relief after Order or Decree Filed January 14, 2015, filed on April 17, 2015 (**Order Denying Show Cause**); (4) Order Denying Defendant's Motion for Reconsideration Regarding Order Regarding Division and Distribution of Property Filed January 5, 2015 and Defendant's Supplemental Motion for Reconsideration Regarding Order Regarding Division and Distribution of Property Filed January 27, 2015, filed on March 17, 2015 (**Order Denying Reconsideration of Division**); (5) Order Denying Defendant's Motion for Sanctions Pursuant to Rule 11, HFCR, Filed February 13, 2015, filed on April 8, 2015 (**Order Denying Sanctions Against Collins's Attorney**); (6) Order Denying Defendant's Motion for Partial Summary Judgment, Filed September 15, 2014, filed on December 10, 2014 (**Order Denying MSJ**); (7) Order Denying Defendant's Motion to Quash and Remove Plaintiff's Notice of Pendency of Action, Filed September 12, 2014, filed on December 10, 2014 (**Order Denying 2014 Motion to Quash**); (8) Order Denying Defendant's Motion For Reconsideration of Order Denying Defendant's Motion For Reconsideration Regarding Order Regarding Division and Distribution of Property Filed January 5, 2015 and Defendant's Supplemental Motion For Reconsideration Regarding Order Regarding Division and Distribution of Property Filed January 27, 2015

Filed March 23, 2015, filed on May 26, 2015 (**Order Denying Reconsideration of No Reconsideration**); and (9) Order Denying Defendant's Motion for New Trial Filed March 23, 2015, filed May 26, 2015 (**Order Denying New Trial**).

Plaintiff-Appellee/Cross-Appellant Colleen P. Collins, now known as Colleen P. Otani (**Collins**), cross-appeals from: (1) 2015 FOFs and COLs; (2) Order Denying Motion to Reconsider Oral Order Striking Motion for Attorney's Fees Under Rule 68 Filed January 22, 2015, filed on April 17, 2015 (**Order Denying Reconsideration of Order Striking Motion**); (3) Order Denying Plaintiff's Motion for Rule 11 Sanctions Against Defendant, filed on April 8, 2015 (**Order Denying Sanctions Against Wassell**); (4) Order Requiring Joy San Buenaventura to Pay $150 Attorney's Fees, filed on March 10, 2015 (**San Buenaventura Sanction Order**); and (5) Order Striking Motion for Attorney's Fees Under Rule 68 Filed on January 22, 2015, filed on February 19, 2015 (**Order Striking Motion for Fees**).

On appeal, Wassell raises seven points of error, contending that the Family Court: (1, 2 & 3) erred in failing to award Wassell a share of Collins's ERS retirement benefits; (4) erred in not awarding Collins certain real property located in Keaau, Hawai'i (**Keaau Property**); (5) erred in failing to enforce the parties' agreement to maintain separate financial identities; (6) erred in denying Wassell's motions to quash the Notice of Pendency of Action (**NOPA**) Collins recorded against the Keaau Property; and (7) abused its discretion in denying certain sanctions against Collins's attorney.

Collins raises six points of error, contending that the Family Court: (1 & 2) clearly erred in entering FOF 8 and erred in entering COL 5 because they re-decided issues that were left untouched by the supreme court in Collins II; (3 & 6) erred when it struck Collins's motion for fees pursuant to Hawai'i Family Court Rules (**HFCR**) Rule 68 and declined to reconsider; (4) the Family Court erred in denying Rule 11 sanctions against Wassell for his filing a motion seeking sanctions against Collins's attorney; and (5) abused its discretion in sanctioning Collins's attorney without prior notice that she would be sanctioned if substitute counsel attended a hearing in her place.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the parties' points of error as follows:

As a preliminary matter, with respect to the Family Court's earlier, May 21, 2009 Findings of Fact, Conclusions of Law, and Decision (**2009 FOFs, COLs, and Decision**), in Collins II the supreme court vacated FOFs 47, 67, 68, 70, 71, 73-76, 78-80, and 82, COL 3, and the Decision, as well as the property division and equalization provisions in the Divorce Decree. 133 Hawai'i at 49, 323 P.3d at 1231. Further, the supreme court remanded the case to the Family Court "to make a division and distribution of property in light of Collins's and Wassell's premarital economic partnership." Id.

Wassell's Appeal

(1-3)  The 2009 FOFs, COLs, and Decision, include the following with respect to the parties' ERS retirement accounts:

> [FOF] 46.  After the legal marriage on January 19, 2005, Ms. Collins acquired the following assets in her own name:
>
> . . . .
>
> b.  Hawaii ERS (retirement)
>
> . . . .
>
> [FOF] 51.  Neither party has adduced any evidence regarding the DOCOEPOT NMV of Ms. Collins Hawaii ERS retirement account, an account she acquired during the marriage.
>
> . . . .
>
> [FOF] 72.  On the DOCOEPOT, [Wassell] possessed a Hawaii ERS account, acquired during the marriage, which had a NMV of $4,266.41.  The DOCOEPOT NMV of this account is a Category 5 asset.
>
> . . . .
>
> **DECISION**
> Award of the Marital Assets
>
> The court awards to [Collins] all of the marital assets in her name, these being the assets described above in Findings of Fact 46 and 61 through 67, as well as the NMV of the joint CU Hawaii FCU account described above in Finding of Fact 83.
>
> The court awards to [Wassell] all of the marital assets and debts in his name, these being the assets and debt described above in Findings of Fact 68 through 82.

Wassell does not now contend that he argued that he was entitled to a portion of Collins's ERS retirement account prior to the entry of the Divorce Decree and the 2009 FOFs, COLs, and Decision or that he was denied discovery as to the net market value of that asset.  Nor does he contend that he cross-appealed from the Divorce Decree and the 2009 FOFs, COLs, and Decision or otherwise raised this issue in the appeal to this court in Collins I or in conjunction with the supreme court's review in Collins II.  In Collins II, the supreme court did not disturb the aforementioned FOFs.  The supreme court vacated the Family Court's Decision in its entirety.  133 Hawaiʻi at 49, 323 P.3d at 1231.  In addition, the supreme court vacated the property division and equalization provisions in the Divorce Decree in

5

their entirety and ordered the Family Court to make a new division and distribution of property. Id. However, the key finding of no evidence regarding the net market value of Collins's ERS retirement account was not vacated. Indeed, Wassell failed to raise the issue in the initial trial court proceedings. Therefore, it would have been disregarded on appeal in Collins I and on review in Collins II, absent a plain error review, which Wassell did not seek. See Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4).

On remand, Wassell made various motions, which included a request that the parties' respective ERS retirement benefits be awarded to the respective party entitled to the benefit subject to the award to the other party of the portion of the benefit attributable to the economic partnership and marital interest, in accordance with Linson v. Linson, 1 Haw. App. 272, 618 P.2d 748 (1980). The Family Court denied Wassell's requests for relief and, in a January 5, 2015 Order Regarding Division and Distribution, *inter alia*, denied Wassell's request to consider evidence of the value of Collins's ERS retirement account, assigned the value in FOF 72 above to Wassell's ERS retirement account, and did not identify Collins's ERS retirement account as an asset with a net market value to be divided and distributed. In the 2015 FOFs and COLs, the Family Court concluded, *inter alia*, that the supreme court's instructions did not order the Family Court to take new evidence regarding retirement accounts

and that the undisturbed FOFs remained the law of the case.[2] On that basis, in its Property Division Chart, the Family Court awarded Wassell his ERS retirement account, with a value of $4,266.41, and did not include Collins's ERS retirement account as an asset having value to be divided.

If this issue were raised at trial and in the first appeal, we might well have reached a different outcome on the issue. However, it was not raised, or addressed, and the supreme court did not order new factual findings concerning the value of Collins's ERS retirement account. Wassell cites no authority for his contention that the Family Court erred in declining to take additional evidence on remand concerning the value of the assets acquired during the parties' marriage, when no such evidence was offered at trial, and we find none. Therefore, we reject Wassell's argument that the Family Court erred in this regard.

(4) Wassell contends that the Family Court erred in awarding him the Keaau Property, rather than awarding it to Collins and ordering her to make an equalization payment to him.

> Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

---

[2] Although not dispositive, we note that the law of the case doctrine does not apply here. The law of the case doctrine provides that "a determination of a question of law made by an appellate court in the course of an action becomes the law of the case and may not be disputed by a reopening of the question at a later stage of the litigation." Hussey v. Say, 139 Hawai'i 181, 185, 384 P.3d 1282, 1286 (2016) (citation omitted). This doctrine is inapplicable here as the supreme court in Collins II made no determination concerning a question of law related to the value of Collins's ERS retirement account.

In re Doe, 95 Hawai'i 183, 189, 20 P.3d 616, 622 (2001) (citations and internal quotation marks omitted).

We reject Wassell's argument that the Family Court abused its discretion because there was no evidence in the record about the cost, expense, and risk of selling the property. Wassell's request was that the Keaau Property be awarded to Collins and that Wassell then be allowed to live in the house until Collins paid him an equalization payment of approximately $173,000 for his share, and he offered that he would cooperate with her broker if she needed to sell the property to pay him. In FOF 23, the Family Court essentially declined to shift the burdens of such an arrangement to Collins and awarded Wassell the property and stated "[i]f he chooses to do so, he can sell the home or find some other means to make [an equalization] payment." The reference to a cost, expense, and risk attached to Wassell's proposed arrangement required no evidence, as it was self-evident from Wassell's request. We conclude that the Family Court did not abuse its discretion in awarding the Keaau Property to Wassell.

(5) Wassell argues that the parties' agreement to maintain separate finances after the 2000 marriage ceremony created a pre-marital agreement which should have been enforced by the Family Court. Hawaii Revised Statutes (HRS) § 572-22 (2018) states, in relevant part:

> An agreement between spouses providing for periodic payments for the support and maintenance of one spouse by the other, or for the support, maintenance, and education of children of the parties, when the agreement is made in contemplation of divorce or judicial separation, is valid provided that the agreement shall be subject to approval by the court in any subsequent proceeding for divorce or

8

> judicial separation and that future payments under an
> approved agreement shall nevertheless be subject to
> increase, decrease, or termination from time to time upon
> application and a showing of circumstances justifying a
> modification thereof.
>      All contracts made between spouses, whenever made,
> whether before or after June 6, 1987, and not otherwise
> invalid because of any other law, shall be valid.

Per the plain text of the statute, Wassell's contention fails in two ways. First, the alleged agreement was not in contemplation of divorce or judicial separation. The parties' allegations and Wassell's argument limit the purported agreement to the division of financial responsibility for Collins's daughters' educational expenses. Second, as an oral contract that was not to be performed within one year from the making thereof, it is unenforceable under the statute of frauds. HRS § 656-1(5) (2016). Therefore, the Family Court did not err in concluding that its division was not affected by this pre-marital agreement.

(6) Wassell contends that the Family Court erred when it refused to quash the NOPA on the Keaau Property. NOPAs are governed by HRS § 634-51 (2016), which states in pertinent part:

> In any action concerning real property or affecting
> the title or the right of possession of real property, the
> plaintiff, at the time of filing the complaint, and any
> other party at the time of filing a pleading in which
> affirmative relief is claimed, or at any time afterwards,
> may record in the bureau of conveyances a notice of the
> pendency of the action, containing the names or designations
> of the parties, as set out in the summons or pleading, the
> object of the action or claim for affirmative relief, and a
> description of the property affected thereby.

The supreme court has held that "the application of *lis pendens* should be limited to actions directly seeking to obtain title to or possession of real property." TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai'i 243, 267, 990 P.2d 713, 737 (1999). An action seeking only money and seeking to use the NOPA to secure

payment is insufficient to establish a right to a NOPA.  Sports Shinko Co. v. QK Hotel, LLC, 457 F. Supp. 2d 1121, 1126 (D. Haw. 2006) (stating that "an action alleging a beneficial interest in a subject property for the purpose of securing a claim for money damages is not an action 'affecting title or possession of real property' under the *lis pendens* statute").

> In determining the validity of a *lis pendens*, courts have generally restricted their review to the face of the complaint.  Furthermore, these same jurisdictions hold that the likelihood of success on the merits is irrelevant to determining the validity of the *lis pendens*.

S. Utsunomiya Enters., Inc. v. Moomuku Country Club, 75 Haw. 480, 505, 866 P.2d 951, 964 (1994) (citations omitted); see also TSA Int'l Ltd., 92 Hawai'i at 266, 990 P.2d at 736.

California *lis pendens* cases are persuasive in interpreting Hawaii's statute, given their similarity in both wording and shared goals.  Utsunomiya, 75 Haw. at 505 n.10, 866 P.2d at 964 n.10.  Gale v. Superior Court, 122 Cal. App. 4th 1388 (2004) is instructive.  In Gale, the appellant sought to attach a *lis pendens* to a property that a management company, run by the opposing party in the underlying divorce, intended to sell. Gale, 122 Cal. App. 4th at 1391.  Her complaint contained a generic provision that there were community assets "as may be discovered at a later date."  Id.  Reasoning that "[i]t is strictly a binary process:  If you properly plead a real property claim, you can file a notice of lis pendens; if you don't, you can't," the Gale court concluded that the appellant had failed to plead the property at issue with sufficient specificity and therefore was not entitled to a *lis pendens*.  Id. at 1395.

As in Gale, the complaint in this case has only boilerplate, generic references to the parties possessing certain property and lacks any information notifying the public that there is an issue pending regarding title to the Keaau Property. Applying Utsunomiya's face-of-the-complaint analytic, there is nothing in the complaint to establish that the action seeks to address title to the Keaau Property. Accordingly, we conclude that Collins was not entitled to the NOPA, and the Family Court abused its discretion in failing to quash and remove it.

(7) Wassell contends that the Family Court abused its discretion in declining to sanction Collins's attorney for sending substitute counsel to, rather than appearing at, a January 26, 2015 hearing. HFCR Rule 89(c) states that "[a]n attorney who, without good cause, fails to appear or is tardy when the attorney's case is before the court on call, motion, pre-trial or trial or who unjustifiably fails to prepare for a presentation to the court necessitating a continuance, may be subject to such sanction as the court deems appropriate." Neither party provided a transcript of the January 26, 2015 hearing. Thus, we conclude that the record on appeal is insufficient to support a conclusion that the Family Court abused its discretion in declining to (additionally)[3] sanction Collins's attorney for her failure to personally appear at the hearing.

---

[3] Collins's attorney was ordered to pay $150 to Wassell's attorney for his attorney's fee for attending the January 26, 2015 hearing.

Collins's Cross-Appeal

(1 & 2) Collins contends that the Family Court erred in substituting the valuation of her assets at the date of the legal marriage, left untouched by the supreme court on remand, for a valuation of her assets as of the inception of the 2000 pre-marital economic partnership. On remand from Collins II, the Family Court was specifically tasked with dividing assets in consideration of the pre-marital economic partnership, which began in 2000. Thus, Collins's argument that the Family Court erred in considering the value of her assets at the onset of the pre-marital economic partnership is without merit.

(3 & 6) Collins argues that the Family Court erred in striking her motion for attorneys' fees under HFCR Rule 68 and in denying reconsideration of the order striking her motion for attorneys' fees under HFCR Rule 68. Collins's motion was filed on January 22, 2015, and set for hearing four days later on January 26, 2015, and it appears from the court's minutes, in conjunction with the written order entered on February 19, 2015, that Collins's substitute counsel was not prepared to argue the motion, so the Family Court struck the motion without prejudice. As noted above, neither party provided this court with a transcript of the January 26, 2015 hearing. Collins makes no argument concerning the Family Court's denial of reconsideration of the order striking her motion for fees. On this record, we cannot conclude that the Family Court abused its discretion in striking Collins's motion or in denying Collins's motion for reconsideration.

(4)  Collins sought HFCR Rule 11 sanctions against Wassell's attorney for his filing of a motion for HFCR Rule 11 sanctions against Collins's attorney.  The HFCR Rule 11 motion filed by Wassell's attorney appears to arise out of Collins's attorney's non-appearance at the January 26, 2015 hearing.  In the absence of a hearing transcript, *inter alia*, we cannot conclude that the Family Court abused its discretion in declining to sanction Wassell's attorney under Rule 11 for filing a Rule 11 motion.

(5)  Collins contends that the Family Court erred in ordering her attorney to pay $150 as sanctions for her failure to appear at a hearing.  However, the supreme court has held that where an attorney has been sanctioned, the attorney must be named as a party in the notice of appeal in order for this court to have the jurisdiction to address the imposition of sanctions against the attorney.  Gold v. Harrison, 88 Hawai'i 94, 104, 962 P.2d 353, 363 (1998).  Collins's attorney is not named as a party in Collins's notice of appeal and therefore we do not have appellate jurisdiction to address this issue.

For these reasons, we affirm the Family Court's:  (1) 2015 FOFs and COLS; (2) Order Denying Show Cause; (3) Order Denying Reconsideration of Division; (4) Order Denying Sanctions Against Collins's Attorney; (5) Order Denying MSJ; (6) Order Denying Reconsideration of No Reconsideration; (7) Order Denying New Trial; (8) Order Denying Reconsideration of Order Striking Motion; (9) Order Denying Sanctions Against Wassell; and (10) Order Striking Motion for Fees.  Collins's appeal from the San

13

Buenaventura Sanction Order is dismissed. The Order Denying 2015 Motion to Quash and the Order Denying 2014 Motion to Quash are vacated, and this case is remanded to the Family Court only for such proceedings as may be necessary to remove the NOPA from the Keaau Property.

DATED: Honolulu, Hawai'i, February 28, 2019.

On the briefs:

Andrew S. Iwashita,
for Defendant-Appellant/
 Cross-Appellee.

Joy A. San Buenaventura,
for Plaintiff-Appellee/
 Cross-Appellant.

Chief Judge

Associate Judge

Associate Judge

14